IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL JON PETERKA,
D.O.C. # 119773,

    Plaintiff,

v.                                                                                    4:21cv367–WS/MAF

RICKY D. DIXON, in his official
capacity as Secretary of the
Department of Corrections, and
JPAY, LLC,

    Defendants.

_____

## ORDER ADOPTING, IN PART, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (ECF No. 58) docketed March 17, 2023. The magistrate judge recommends that (1) the motion to dismiss (ECF No. 54) filed by JPay, LLC ("JPay"), be granted; and (2) the motion to dismiss (ECF No. 52) filed by Ricky D. Dixon (the "Secretary") be granted as to Counts II and III of Plaintiff's amended complaint but denied as to Count I of that complaint. Plaintiff and the Secretary have both filed objections to the report and recommendation.

In Count I of his amended complaint, Plaintiff alleges that the Secretary, in his official capacity, deprived him of his rights under the First and Fourteenth Amendments by failing to provide a mechanism for challenging the censorhip of his incoming and outgoing electronic communications. ECF No. 46, p.6. In moving to dismiss this count, the Secretary raised a single argument: namely, that Plaintiff failed to exhaust his administrative remedies by failing to file a Petition to Initiate Rulemaking ("a "PIRM"). The magistrate judge rejected this argument, explaining that "[f]iling a PIRM is not a step that the Department holds out to inmates as a requirement in the grievance process." ECF No. 58, p. 13. The magistrate judge accordingly recommends that the Secretary's motion to dismiss Count I for failure to exhaust administrative remedies be denied.

In his objections to the magistrate judge's report and recommendation as to Count I, the Secretary now asserts, for the first time, that dismissal is appropriate because Plaintiff did not cite an actual censorship incident in his administrative grievances and appeals. Because the Secretary did not present this argument to the magistrate judge, the undersigned considers the argument waived. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[We] hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *Marshall v. Chater*, 75 F.3d 1421, 1426

(10th Cir.1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.").

Whether or not the filing of a PIRM is a required step in Florida's administrative exhaustion process is an issue that is currently before the Eleventh Circuit. *Sims v. Sec'y, Fla. Dep't of Corr.*, No. 19-13745 (11th Cir.). Briefing on the appeal in *Sims* is complete, and oral argument was held on May 14, 2021. Because the Eleventh Circuit's decision in *Sims* is likely to have a controlling effect on a decision regarding administrative exhaustion in this case, the undersigned will defer ruling on the magistrate judge's recommendation as to Count I pending a decision by the Eleventh Circuit in *Sims*.

The magistrate judge recommends dismissal of Counts II and III, wherein Plaintiff asserts claims under the Fifth Amendment's Takings Clause and the Fourteenth Amendment's Substantive Due Process Clause, respectively, against both the Secretary and JPay. Plaintiff's objections to the magistrate judge's recommendation as to Counts II and III are unpersuasive. Like the magistrate

judge, the undersigned finds that Counts II and III are due to be dismissed.

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 58) is ADOPTED as to Counts II and III of Plaintiff's amended complaint.

2. Counts II and III of Plaintiff's amended complaint are DISMISSED.

3. A ruling on the magistrate judge's report and recommendation as it relates to Count I is deferred pending a decision by the Eleventh Circuit in *Sims v. Sec'y, Fla. Dep't of Corr.*, No. 19-13745.

DONE AND ORDERED this ___27th___ day of ___April___, 2023.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE