**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DANIEL JON PETERKA,
D.O.C. # 119773,**

      **Plaintiff,**

**VS.**                                        **Case No. 4:21cv367-WS-MAF**

**RICKY D. DIXON, in his official
capacity as Secretary of the
Florida Department of Corrections,
and JPAY, LLC,**

      **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION

The pro se Plaintiff brought this civil rights case against the Secretary of the Department of Corrections and JPay, LLC, a contractor providing services to Florida prisoners. Plaintiff's amended complaint, ECF No. 46, concerns the use of multimedia kiosks and tablets which are made available to Florida prisoners through the Department's contract with JPay. ECF No. 46 at 5. Kiosks and tablets enable Florida prisoners to access an electronic messaging system, identified as "Secure Mail." *Id.* at 6. Prison officials screen those eCommunications pursuant to Administrative Rule

33-602.900(7).  *Id.* at 7-8.  Plaintiff alleged that his eCommunications were

censored without explanation and he challenged his inability to appeal

rejection of eCommunications.  Count I of the amended complaint was

brought against the Department of Corrections (Defendant Dixon in his

official capacity), asserting a procedural due process claim in violation of

his First and Fourteenth Amendment rights.  *Id.* at 6-9.  Count II challenged

charges assessed to print out the eCommunications and was brought

against JPay and the Department, asserting a violation of the Fifth

Amendment's Takings Clause.  *Id.* at 10-12.  Count III was also brought

against both the Department and Jpay.  *Id.* at 12-14.  He claimed the taking

of his money amounted to "deliberate indifference," shocked the

conscience, and was "outright theft," in violation of the Fourteenth

Amendment.  *Id.* at 13.

The Secretary filed a motion to dismiss, ECF No. 52, and JPay filed a

separate motion to dismiss.  ECF No. 54.  Plaintiff filed responses in

opposition to those motions.  ECF Nos. 56-57.  A Report and

Recommendation was entered in mid-March 2023, ECF No. 58,

recommending granting Jpay's motion to dismiss and granting the

Secretary's motion in part.  More specifically, it was recommended that

Counts II and III of Plaintiff's amended complaint, ECF No. 46, be

dismissed, but the First Amendment claim presented in Count I should

continue as to Defendant Dixon[1] only for declaratory and injunctive relief.

ECF No. 48.

On April 27, 2023, Senior United States District Judge William

Stafford adopted the Report and Recommendation in part.  ECF No. 61.

His Order dismissed Counts II and III, which effectively dismissed JPay

from this action.  *Id.* at 4.  However, Judge Stafford deferred ruling on the

recommendation to proceed with Count I, finding that a pending decision

from the Eleventh Circuit in *Sims v. Sec'y, Fla. Dep't of Corr.*, case number

19-13745, would likely have a "controlling effect" as it relates to the issue of

exhaustion of administrative remedies.  *Id.* at 3.  The effect of Judge

Stafford's Order is to stay this case until a decision is rendered in *Sims*.

On May 9, 2023, the pro se Plaintiff filed a motion requesting leave to

file a second amended complaint.  ECF No. 62.  Plaintiff explains that his

proposed second amended complaint seeks to cure the deficiency

identified in Count II of his amended complaint.  *Id.*  He simultaneously

---

[1] Defendant Dixon argued that Plaintiff failed to exhaust his claim because he did not file a Petition to Initiate Rulemaking ('PIRM') pursuant to FLA. STAT. § 120.54(7).  The Undersigned Magistrate Judge recommended that Defendant's argument be rejected.

provided a copy of his second amended complaint, ECF No. 63, with the motion, ECF No. 62.

Local Rule 15.1 states that "if, in a definitive ruling, the Court has dismissed a claim or struck a defense without leave to amend, the claim or defense must not be included in a later amended pleading."  N.D. Fla. Loc. R. 15.1(A).  Judge Stafford's Order dismissed Count II of Plaintiff's amended complaint, although it did not state that it was dismissed without leave to amend.  Even though it did not, Plaintiff's motion to amend should be denied because he is seeking to reassert a claim already dismissed from this case.

In the event this recommendation is rejected, Plaintiff's proposed second amended complaint has been reviewed as required by 28 U.S.C. § 1915A.  Plaintiff retains JPay as a Defendant in addition to the Department. ECF No. 63.  Count I is once again brought against the Department, asserting a procedural due process violation under the First and Fourteenth Amendments.  *Id.* at 6.  He again argues that his inability to challenge rejections is unconstitutional.  *Id.* at 9.

Count II of the proposed pleading is brought against the Department and JPay, once again asserting a Takings Clause violation of the Fifth

Amendment.  *Id.* at 10.  Plaintiff alleges that he is a "Special Housing Unit"

prisoner, housed on death row, who is supposed to be "exempt" for

charges for printouts of Secure Mail messages.  *Id.* at 10-11.  Plaintiff

further alleges that the "money taken (profit generated) is being used, at

least in part, to provide goods and services to the FDOC, and in that way"

the money is converted "for public use."  *Id.* at 12.  Plaintiff states that JPay

provides "tablets for the FDOC's education department, wellness

equipment for prisoners, and iPads and computers for Department staff."

*Id.*

As noted in the prior Report and Recommendation, the Takings

Clause of the Fifth Amendment states that "private property [shall not] be

taken for public use, without just compensation."  Knick v. Twp. of Scott,

Pennsylvania, 204 L. Ed. 2d 558, 139 S. Ct. 2162, 2167 (2019); *see also*

Brown v. Legal Found. of Washington, 538 U.S. 216, 231–32, 123 S. Ct.

1406, 1417, 155 L. Ed. 2d 376 (2003) (noting that a State has "authority to

confiscate private property" but "the Fifth Amendment imposes two

conditions on the exercise of such authority: the taking must be for a 'public

use' and 'just compensation' must be paid to the owner").  It does not

matter whether the property taken is "real or personal," people do not

expect their property to be taken away.  <u>Cedar Point Nursery v. Hassid</u>, 210 L. Ed. 2d 369, 141 S. Ct. 2063, 2074 (2021) (citing to <u>Horne v. Dep't of Agric.</u>, 576 U.S. 350, 361, 135 S. Ct. 2419, 2427, 192 L. Ed. 2d 388 (2015)).

Although a Fifth Amendment "Takings Clause" claim applies to federal officials, and Plaintiff has only named state actors, the "Clause is made applicable to the States through the Fourteenth Amendment." <u>Chicago, B. & Q.R. Co. v. Chicago</u>, 166 U.S. 226, 17 S. Ct. 581, 41 L. Ed. 979 (1897) (cited in <u>Murr v. Wisconsin</u>, 198 L. Ed. 2d 497, 137 S. Ct. 1933, 1942 (2017)).  Thus, Plaintiff's claim is reviewed as though properly alleged under the Fourteenth Amendment.

Previously, Defendant JPay argued that the "Takings Clause does not require compensation unless private property has been taken 'for public use.'" U.S. CONST. AMEND. V. (cited in <u>Support Working Animals, Inc. v. DeSantis</u>, 457 F. Supp. 3d 1193, 1215 (N.D. Fla. 2020)).  Plaintiff's amended complaint alleged that he should not have been charged to receive printouts because he is in Special Housing, but that $345.25 was wrongfully taken from his account.  ECF No. 46 at 10-11.  The amended complaint did not include any allegations of a taking for public use.  It was

concluded that Plaintiff's assertion of the FDOC and JPay's "profit" was insufficient to show a taking for "public use."  However, another reason also existed to support the dismissal of Plaintiff's Takings Clause claim.

Judicial notice was taken of Plaintiff's grievances, submitted with his initial complaint.  ECF No. 1-1 (Appendix 1).  Review of those grievances provided clarification of Plaintiff's "takings" claim and show he did not suffer a "taking" without compensation.  Plaintiff's grievances reveal that he sought a refund of charges for printouts of email messages.  *See* ECF No. 1-1 at 13-22.  The responses to Plaintiff's grievances reveal that Plaintiff claimed he was charged for printouts, but he argued that as a "death row/special housing" inmate, he was not supposed to be charged for those copies.  *Id.* at 14-15.  The responses to his grievances explain that printouts are given "free" to special housing inmates when the inmate cannot access his emails.  *Id.* at 14.  However, if the inmate has access to a tablet and kiosk where he can review his emails, he will be charged for printouts.  *Id.* at 14, 18.  That is reasonable.  Plaintiff possessed a tablet and also had "regular access to a kiosk."  *Id.* at 18.  Thus, Plaintiff was charged for obtaining a printed copy, because it was a cost associated with his request.  It was not a "taking" because it was not government derived.

Case No. 4:21cv367-WS-MAF

Plaintiff was not *required* to have a print out of his emails; it was his choice, which came with a charge.  Put another way, it was an exchange; he was given something in exchange for his money and, thus, he suffered no pecuniary loss.  The Supreme Court said that "pecuniary compensation must be measured by [one's] net losses rather than the value of the public's gain."  Brown, 538 U.S. at 237, 123 S. Ct. at 1419–20.  Thus, Plaintiff's takings claim must fail because he did not suffer a loss.  Plaintiff was simply charged for printouts he requested and he received something of value.

It is true that the Court "should freely give leave [to amend a complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2) (quoted in Rivas v. Bank of New York Mellon, 777 F. App'x 958, 965 (11th Cir. 2019)).  However, the Court "may deny a motion for leave to amend as futile 'when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.'"  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (quoted in Rivas, 777 F. App'x at 965).  In this case, Plaintiffs motion to amend should be denied as futile.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to file a second amended complaint, ECF No. 62, be denied and this case proceed on Plaintiff's claim against Defendant Dixon in Count I of the amended complaint, ECF No. 46.  It is also **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 10, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**