IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL JON PETERKA,
D.O.C. # 119773,

    Plaintiff,

v.                                                                          4:21cv367–WS/MAF

RICKY D. DIXON, in his official
capacity as Secretary of the
Department of Corrections,

    Defendant.

_____

### ORDER ADOPTING THE MAGISTRATE JUDGE'S
### THIRD REPORT AND RECOMMENDATION

Before the court is the magistrate judge's third report and recommendation (ECF No. 123) docketed August 20, 2024. The magistrate judge recommends that Defendant's motion for summary judgment (ECF No. 102) be granted, that Plaintiff's motion for summary judgment be denied (ECF No. 97), and that judgment be entered in Defendant's favor. Plaintiff has filed objections (ECF No. 124) to the third report and recommendation. Defendant has not responded to Plaintiff's objections.

Plaintiff filed this action in September of 2021, alleging that the Secretary, in his official capacity, deprived him of his due process rights under the First and Fourteenth Amendments by failing to provide a mechanism for challenging the censorship of his incoming and outgoing electronic communications. The Secretary moved to dismiss Plaintiff's due process action, raising a single argument: namely, that Plaintiff failed to exhaust his administrative remedies by failing to file a Petition to Initiate Rulemaking ("a "PIRM"). Whether or not Florida's administrative exhaustion process required the filing of a PIRM was, at that time, an issue pending before the Eleventh Circuit in *Sims v. Sec'y, Fla. Dep't of Corr.*, No. 19–13745 (11th Cir.). Because the Eleventh Circuit's decision in *Sims* was likely to have a controlling effect on a decision regarding administrative exhaustion in Plaintiff's case, this action was stayed pending a decision by the Eleventh Circuit. That stay was lifted on September 1, 2023, after the Eleventh Circuit decided in *Sims* that the filing of a PIRM is *not* a step that the Florida Department of Corrections ("FDC") holds out to inmates as a requirement in the grievance process.

On September 27, 2023, the magistrate judge entered an initial scheduling order in Plaintiff's case, setting due dates for discovery (January 5, 2024) and for summary judgment motions (January 26, 2024). With leave of court, Plaintiff filed

a third amended complaint on October 10, 2023, again asserting a due process claim based on FDC's failure to provide (1) a meaningful way to challenge the unexplained rejection of an email, and (2) a rules-based mechanism to challenge and overturn such a rejection. In January 2024, consistent with the initial scheduling order, both parties filed motions for summary judgment.

Months after the initial discovery period ended and motions for summary judgment were filed, Plaintiff filed several discovery motions, namely (1) "Plaintiff's Motion for an Order Regarding Affidavits" (ECF No. 114); (2) "Plaintiff's Motion for a Second Discovery Period" (ECF No. 116); (3) "Plaintiff's Motion for an Order Compelling an Answer" (ECF No. 118); and (4) Plaintiff's Motion for an Order Compelling Production" (ECF No. 119). All four motions were denied by the magistrate judge. Weeks later, Plaintiff filed "Plaintiff's Motion [for] the Court [to] Accept and Consider Additional Evidence in Support of His Motion for Summary Judgment" (ECF No. 121). The magistrate judge denied the motion, explaining that "it is too late in the day to permit Plaintiff to submit additional evidence." ECF No. 122. The magistrate judge thereafter entered his third report and recommendation, recommending that Defendant's motion for summary judgment be granted.

Plaintiff's objections to the magistrate judge's third report and

recommendation are based largely on the magistrate judge's denial of Plaintiff's late-filed discovery motions. In essence, Plaintiff asks the undersigned to return the case to the magistrate judge with instructions to grant Plaintiff's motion to reopen discovery. The undersigned declines to do so.

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] [discovery] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *White v. Sacred Heart Health Sys., Inc.*, No. 3:13cv532–MCR/EMT, 2016 WL 1426450, at *7 (N.D. Fla. Mar. 11, 2016) (internal quotation marks omitted); *see also Paylan v. Teitelbaum*, No. 1:15cv159–MW/GRJ, 2017 WL 11490028, at *1–2 (N.D. Fla. July 5, 2017) ("The Court's case management schedule does not contemplate parties waiting to conduct discovery and then after a motion for summary judgment has been filed, reopen discovery to conduct discovery that a party could have and should have conducted months ago."). In this case, Plaintiff did not, and has not, demonstrated good cause

for entry of an order reopening the discovery period.

Because the undersigned concludes—as did the magistrate judge—that Plaintiff has not established that Defendant deprived him of due process, it is ORDERED:

1. The magistrate judge's third report and recommendation (ECF No. 123) is ADOPTED and incorporated into this order.

2. Defendant's motion for summary judgment (ECF No. 102) is GRANTED.

3. Plaintiff's motion for summary judgment (ECF No. 97) is DENIED.

4. The clerk shall enter judgment stating: "Judgment is entered in Defendant's favor."

5. The clerk shall close the case.

DONE AND ORDERED this __30th__ day of __September__, 2024.

        s/ William Stafford
        WILLIAM STAFFORD
        SENIOR UNITED STATES DISTRICT JUDGE